IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE L. HUNTER,**

                **Plaintiff,**

    v.                                    CASE NO. 07-3193-SAC

**TERENCE JAMES, et al.,**

                **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on a civil complaint under 42 U.S.C. § 1983. Plaintiff seeks damages and injunctive relief from Officer Terence James, the Wichita Police Department, and the City of Wichita for the alleged illegal arrest of plaintiff on April 21, 2004, and the use of deadly force during that apprehension and arrest.

The court found plaintiff's allegations mirrored those raised in plaintiff's previously filed action on the same facts naming defendants that included the same three defendants in the present complaint. *See* Hunter v. Wichita Police Department, *et al.*, Case No. 05-3344-JTM ("Hunter I"). In that earlier action, the Honorable Judge J. Thomas Marten entered final judgment in favor of the City of Wichita, Wichita Police Chief Norman Williams, and Wichita Police Officer Jeffery Taylor, and certified those judgments as final for purposes of plaintiff's interlocutory appeal. *See* Fed.R.Civ.P.

54(b).  Judge Marten further stated that defendant Taylor's state battery counterclaim against plaintiff remains pending, and that any claims against Officer James have been stayed pending this defendant's military service.[1]  *See* Hunter I, Memorandum and Order (Doc. 155), December 15, 2006.

In the present action, the court directed plaintiff to show cause why the instant complaint should not be dismissed as an improper attempt to litigate claims that were either pending or had already been decided in Hunter I.  In response, plaintiff filed a "Motion to Show Cause" which the court liberally construes as plaintiff's response to the show cause order.  Plaintiff details part of the procedural history in his previously filed action, and essentially seeks an opportunity to litigate his claims against Officer James, and against the City of Wichita and the Wichita Police Department as supervisors over Officer James.

Having reviewed the record, the court remains convinced that plaintiff is improperly attempting to litigate claims still pending in his earlier filed case, or to relitigate claims already decided in that action.  The court thus concludes the present action should be dismissed.

IT IS THEREFORE ORDERED that plaintiff's "Motion for Order to Show Cause" is construed by the court as plaintiff's response to the show cause order issued to plaintiff in this matter.

---

[1] The docket sheet in the earlier filed motion lists the Wichita Police Department as a separate defendant, although counsel for the City of Wichita asserted in its answer that the Wichita Police Department is not a separate legal entity that is subject to suit.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 30th day of May 2008 at Topeka, Kansas.

                                   s/ Sam A. Crow
                                   SAM A. CROW
                                   U.S. Senior District Judge